# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-11-503-D |
| | ) |
| MASSACHUSETTS SUPREME JUDICIAL COURT and DORCHESTER'S DISTRICT COURT, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's April, 2, 2012 Motion for Reconsideration [Doc. No. 10], seeking reconsideration of this Court's June 23, 2011 Order [Doc. No. 7] dismissing this action without prejudice. Plaintiff seeks reconsideration pursuant to Fed. R. Civ. P. 59(e) or, in the alternative, relief from judgment under Fed. R. Civ. P. 60(b)(4) and (6).

Plaintiff, a Massachusetts resident appearing *pro se* and *in forma pauperis*, brought this action to assert violations of his constitutional rights by two Massachusetts courts. As explained in detail in the June 23, 2011 Order, the Complaint was deficient because it failed to allege facts to show that venue is proper in this forum; furthermore, the Complaint showed on its face that venue is improper here. In any event, as explained in the June 23 Order, the allegations in the Complaint dictated dismissal upon filing because the facts alleged fail to state a plausible claim for relief pursuant to 42 U. S. C. § 1983. *See* June 23, 2011 Order [Doc. No. 7] at page 3. The Court determined dismissal without prejudice was proper in lieu of transferring the case to the District of

Massachusetts because that court had previously enjoined Plaintiff from pursuing these claims in that forum. *Id.* (citing *Azubuko v. Vargas,* 2010 WL 4183699, at *1 (D. Mass. Oct. 25, 2010) (unpublished opinion)). Accordingly, this action was dismissed and the case was closed. Plaintiff now asks the Court to reconsider the dismissal or grant him relief from the Order.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59 of the Federal Rules of Civil Procedure authorizes the alteration or amendment of a judgment or final order, and the proper grounds for reconsideration under Rule 59(e) are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

Assuming, *arguendo,* that the Order dismissing this action without prejudice constitutes a final order, relief cannot be granted because Plaintiff offers no argument or authority which would warrant reconsideration of the June 23, 2011 Order on any of the bases specified in Rule 59(e). He cites no intervening change in the law, and identifies no new evidence. Nor does he offer authority suggesting that there is a need to correct clear error or prevent manifest injustice. He does not address the Court's conclusion in the June 23, 2011 Order that venue is improper here, and he does not offer argument supporting his apparent contention that he can bring a § 1983 action in Oklahoma against two Massachusetts courts. Nor does he offer authority suggesting that state courts can constitute "persons" subject to potential § 1983 liability. To the extent Plaintiff seeks relief

pursuant to Rule 59(e), his motion is denied.

The same result is mandated if Plaintiff's motion is construed as seeking relief from an interlocutory order pursuant to Fed. R. Civ. P. 54(b), which permits the Court's alteration of an interlocutory ruling prior to final judgment. When considering a Rule 54(b) motion seeking reconsideration of an interlocutory order, courts apply the legal standards applicable to a Rule 59(e) motion to alter or amend a judgment. *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N. D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F. R. D. 324, 326-27 (D. Kan. 2002) (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)) ("courts routinely turn to the standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order."). Accordingly, Plaintiff cannot obtain relief on this basis.

Plaintiff's request for relief pursuant to Fed. R. Civ. P. 60(b) is similarly deficient. Pursuant to Rule 60(b), the Court may relieve a party from a final judgment only for specified reasons set forth in the rule as:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1)-(6). The Rule further expressly provides that a motion seeking relief thereunder "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). In

3

this case, Plaintiff's motion specifically cites Rule 60(b)(4) and (6) as bases for relief.

Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Zurich North America v. Matrix Service, Inc.* 426 F.3d 1281, 1289 (10th Cir. 2005). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004). According to the Tenth Circuit Court of Appeals, review of the denial of a Rule 60(b) motion "is meaningfully narrower than review of the merits of a direct appeal." *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir.2000) (internal quotation omitted). "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below." *Cummings*, 365 F.3d at 955 (internal quotation omitted).

"Rule 60(b)(6) relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.' " *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir.1999)( quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir.1996)). "The denial of a 60(b)(6) motion will be reversed 'only if we find a complete absence of a reasonable basis and are certain that the ... decision is wrong.'" *Yapp*, 186 F.3d at 1232 (quoting *State Bank of S. Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir.1996)).

In this case, Plaintiff has failed to offer argument or authority in support of his request for relief under Rule 60(b)(4), as there is no contention that the June 23, 2011 Order is void. With respect to his request pursuant to Rule 60(b)(6), he offers no persuasive argument to warrant a conclusion that the Court's decision, or any part of that decision, was incorrect. Instead, he offers general arguments regarding issues which did not form the basis for the Court's prior determination that venue is improper or that a § 1983 claim is proper on the facts alleged in the Complaint. The

Court concludes that Plaintiff has not demonstrated a basis for Rule 60(b) relief. Accordingly, Plaintiff's motion [Doc. No. 10] is DENIED.

IT IS SO ORDERED this 10th day of May, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE